**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| IN RE GLOBAL PRINTING | : | Bankruptcy No. 10-20699 (RTL) |
| EQUIPMENT, INC., | : | Adv. Proc. Nos. 10-1641 (RTL) |
| | : | 10-1802 (RTL) |
| Debtor. | : | |
| | : | |
| | : | |
| TOPRAK CO., | : | CIVIL ACTION NO. 10-826 (MLC) |
| | : | |
| Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| | : | |
| GLOBAL PRINTING EQUIPMENT, | : | |
| INC., et al., | : | |
| | : | |
| Defendants. | : | |

**COOPER, District Judge**

Toprak Co. ("TPC") commenced an action in this Court against the defendants, Global Printing Equipment, Inc. ("GPE") and Wes Bryant, to recover damages for breach of a sales agreement. (Dkt. entry no. 1, Compl.)  GPE then petitioned for bankruptcy relief in the United States Bankruptcy Court for the District of New Jersey listing the current action and TPC as a creditor, and bringing an adversarial action in Bankruptcy Court against TPC. See In re Global Printing Equipment, Inc., Bankr. D.N.J. No. 10-20699; Global Printing Equipment, Inc. v. Toprak Co., Bankr. D.N.J. Adv. Proc. No. 10-1641 (RTL).  This Court issued an Order referring all the claims in this matter to the Bankruptcy Court. (Dkt. entry no. 10, 6-2-10 Order.)  TPC now moves to withdraw the

reference of the action, insofar as it asserts claims against Wes Bryant, to the Bankruptcy Court.  (Dkt. entry no. 11, Mot. to Withdraw Reference.)  The Bankruptcy Court issued an order designating the claims against Wes Bryant as a non-core proceeding.  (Id., Dranov Cert., Ex. D., 8-9-10 Order.)  The Court determines the motion on briefs without an oral hearing, pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons stated herein, the Court will deny the motion.

**DISCUSSION**

**I.   Applicable Legal Standards**

A "district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  28 U.S.C. § 157(d).  The Court should only withdraw the reference if "the movant meets its burden of showing 'cause' for the withdrawal."  KB Toys, Inc. v. The Upper Deck Co., No. 06-363, 2006 WL 1995585, at *1 (D. Del. July 17, 2006).  In determining if there is cause to withdraw a reference to the bankruptcy court, the Court should consider a number of factors, including "the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process."  In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990) (internal quotation omitted); see In re Velocita Corp., 169 Fed.Appx. 712, 716 (3d

2

Cir. 2006).  "[I]t is [also] important in assessing the propriety of withdrawing the reference to determine whether the action sought to be withdrawn is a core or non-core proceeding."  In re Am. Capital Equip., LLC, 325 B.R. 372, 375 (W.D. Pa. 2005).

## II.  Legal Standards Applied Here

The movant bears the burden of demonstrating cause for withdrawing the referral to the bankruptcy court.  In re Innovative Commc'n Corp., No. 08-3003, 2008 WL 3928699, at *2 (D.V.I. Aug. 21, 2008) ("The moving party bears the burden of demonstrating cause for discretionary withdrawal of the reference").  The movant here fails to set forth any arguments regarding "the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process."  The Court will thus deny the motion, as it is the movant's burden to demonstrate cause and the movant has failed to do so.  See In re Innovative Commc'n Corp., No. 08-3003, 2008 WL 3928699, at *4 (D.V.I. Aug. 21, 2008) (denying motion to withdraw reference to bankruptcy court where movant "failed to articulate any argument whatever that withdrawal would promote administration of the bankruptcy process or reduce forum shopping."); In re Am. Capital Equip. LLC, 324 B.R. at 574 (W.D. Pa. 2005) (denying motion to withdraw when the movants "have not even alleged that withdrawal of the reference

would reduce forum shopping or expedite the bankruptcy process.")
The movant here merely attaches the Bankruptcy Court's order
designating the action as non-core, but the designation of the
action alone is insufficient to meet the burden of demonstrating
cause for withdrawal.  See In re Big V Holding Corp., No. 01-233,
2002 WL 1482392, at *6 (D. Del. July 11, 2002) (denying motion to
withdraw despite bankruptcy court's designation of the matter as
non-core).

## CONCLUSION

The Court, for the reasons stated supra, will deny the
motion.  The Court will issue an appropriate order.


       s/ Mary L. Cooper             
**MARY L. COOPER**
United States District Judge

Dated: August 31, 2010